```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
STRIKE 3 HOLDINGS, LLC,               :       18cv1592 (DLC)
                                      :
                         Plaintiff,   :       ORDER
                                      :
              -v-                     :
                                      :
JOHN DOE subscriber assigned IP       :
address 74.71.18.200,                 :
                                      :
                         Defendant.   :
                                      :
------------------------------------- X
```

DENISE COTE, District Judge:

    Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks to serve a subpoena on Time Warner Cable ("Time Warner"), an internet service provider ("ISP"), in order to ascertain the identity of the John Doe defendant in this case. Plaintiff has made out a prima facie claim of copyright infringement and is entitled to serve a subpoena on Time Warner in order to ascertain the identity of the defendant. The Court also concludes that there is good cause to issue a protective order in connection with this subpoena in light of the risk for false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Accordingly, it is hereby

    ORDERED that Strike 3 may serve a Rule 45 subpoena on Time Warner, the ISP identified in its motion, to obtain information

to identify John Doe, specifically her or his true name and current and permanent address. Plaintiff shall not subpoena the ISP for John Doe's email addresses or telephone numbers. The subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

IT IS FURTHER ORDERED that Time Warner will have 60 days from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. Time Warner may serve John Doe using any reasonable means, including written notice sent to her or his last known address, transmitted either by first-class mail or via overnight service.

IT IS FURTHER ORDERED that John Doe shall have 30 days from the date of service of the Rule 45 subpoena and this Order upon her or him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. Time Warner Cable may not turn over John Doe's identifying information to Strike 3 before the expiration of this 30-day period. Additionally, if John Doe or Time Warner Cable files a motion to quash the subpoena, Time Warner Cable may not turn

over any information to Strike 3 until the issues have been addressed and the Court issues an Order instructing Time Warner Cable to resume in turning over the requested discovery. John Doe, should he or she move to quash the subpoena or to proceed anonymously, shall at the same time as her or his filing also notify Time Warner so that it is on notice not to release any of John Doe's contact information to plaintiff until the Court rules on any such motions.

IT IS FURTHER ORDERED that if that 30-day period lapses without John Doe or Time Warner contesting the subpoena, Time Warner shall have 10 days to produce to the plaintiff the information responsive to the subpoena.

IT IS FURTHER ORDERED that Time Warner shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

IT IS FURTHER ORDERED that Time Warner shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should Time Warner elect to charge for the costs of production, it shall provide a billing summary and cost report to the plaintiff.

IT IS FURTHER ORDERED that Strike 3 shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to Time Warner.

IT IS FURTHER ORDERED that any information ultimately

disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

Dated: New York, New York
March 27, 2018

                                                                           _____
                                                                                DENISE COTE
                                                               United States District Judge